UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY JEROME LOVE, JR.,

Plaintiff,

v.

Case No. 26-cv-1266-pp

MILWAUKEE COUNTY JAIL, *et al.*,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING CASE WITHOUT PREJUDICE**

---

Plaintiff Anthony Jerome Love, Jr., who is representing himself, has filed a complaint alleging that the defendants violated his rights under federal and state law.[1] Dkt. No. 1. The plaintiff also has filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order resolves that motion and screens the complaint, dkt. no. 1.

## I. Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that he is not employed,

[1] The plaintiff was not incarcerated when he filed this case, and he currently is not incarcerated.

owns no property and that he lacks funds to pay the filing fee. Dkt. No. 2. It appears that the plaintiff was released from jail on July 13, 2026, one week before he filed the complaint. Dkt. No. 4. Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee.

## II. Screening of Complaint

### A. Standard for Screening Complaint

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes complaints filed by unrepresented litigants liberally and hold them to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Plaintiff's Allegations

The plaintiff has sued the Milwaukee County Jail, the State of Wisconsin, the Waukesha County Jail, Judge David W. Maas, Alexander C. Angle, the Milwaukee Police Department, Judge Joseph Wall, ADA Kevin Clancy, DA Kent Lovern, Judge Laura Gramling Perez, Allysa Bria Brown and Allied Transportation. Dkt. No. 1 at 1. The plaintiff states that he is claiming "identity theft, accounting fraud, fraud and false statements and concealment, tax evasion, embezzlement, and securities fraud, false imprisonment, fiduciary fraud on [b]oth Milwaukee County Jail and Waukesha County Jail." Id. at 2.

The plaintiff alleges that the jails violated his due process rights under the United States Constitution. Id. He says that the violations occurred in Milwaukee from February 24, 2026 through June 5, 2026 in Case No. 26CF978, and in Waukesha from March 30, 2025 through May 15, 2026 in Case No. 2025CF1916. Id. The plaintiff states that the "reason they did it [was]

because the courts used [the plaintiff's] tax records to create the IRS 1099A to apply to a CUSIP tracking number for a securities pool when they signed [his] name as the surety to the court's bid, performance, and payment bonds." Id. at 2-3. The courts allegedly used the plaintiff's tax records for their pecuniary gain without his knowledge or consent. Id. at 3.

The plaintiff states that the judges, prosecutors and attorneys never signed the "J and C File (Judge's Order and Confinement)." Id. He says that the courts did not want liability for the fiduciary tax and securities fraud they committed against him. Id. The plaintiff allegedly reminded the courts that he has "revoked and revested the case trust securities with the motion lodged in both courts [he] instructed the courts to set off, settle, adjudicate all claims balance account to zero $0, discharge, close all accounts, return any remaining funds to [him], and dismiss the case with prejudice." Id. He asserts that he required the State and the prosecutor to state the Sixth Amendment nature of the accusation on the record, but that the court refused. Id. The plaintiff states that this is proof of human slavery and trafficking. Id.

The plaintiff asserts that he is suing under state law. Id. at 4. For relief, he seeks $25 million from each defendant for pain and suffering, criminal identity theft, embezzlement, tax evasion and fraud. Id.

C. Analysis

The allegations in the complaint are hard to follow, but it appears that the plaintiff is alleging he was unlawfully charged fines, and that other illegal activities occurred, in two criminal cases, Wisconsin v. Anthony Jerome Love,

Jr., Milwaukee County Case No. 2026CF978 and Wisconsin v. Anthony Jerome Love, Jr., Waukesha County Case No. 2025CF1916 (both available at wcca.wicourts.gov). In Case No. 2026CF978, the plaintiff was charged with violations of Wis. Stat. §§346.04(3) (Vehicle Operator Flee/Elude Officer) and 961.41(3g)(am) (Possession of Narcotics Drugs). The case is open. Id. In Case No. 2025CF1916, the plaintiff was charged with violations of Wis. Stat. §§943.50(1m)(b) (Retail Theft); 946.41(2r) (Resist Officer – Substantial Bodily Harm); 961.41(3g)(c) (Possession of Cocaine); 961.41(3g)(am) (Possession of Narcotic Drugs); and 961.573(1) (Possess Drug Paraphernalia). Id. This case also is open. Id.

The plaintiff states that he is suing for violations of state law, dkt. no. 1 at 4, but he also says that the defendants violated his due process rights under the United States Constitution, id. at 2. The plaintiff has not stated a plausible claim for violation of his rights under federal law. Even if he had, most—if not all—of the defendants are not subject to suit under 42 U.S.C. §1983. The plaintiff names as a defendant the State of Wisconsin, but he cannot sue the State of Wisconsin because a state is not a "person" who can be sued for damages under §1983. Williams v. Wisconsin, 336 F.3d 576, 580 (7th Cir. 2003).

The plaintiff names as a defendant the Milwaukee Police Department, but the Milwaukee Police Department is not subject to suit under §1983. State law determines the capacity of an entity to sue or be sued. Fed. R. Civ. P. 17(b). Wisconsin Statute §62.50 governs the City of Milwaukee's police department,

and it does not authorize the police department to sue or be sued. See Grow v. City of Milwaukee, 84 F. Supp. 2d 990 (E.D. Wis. 2000) (abrogated on other grounds by, Driebel v. City of Milwaukee, 298 F.3d 622 (7th Cir. 2002)). Further, because the police department is an agency of the City of Milwaukee, it cannot be sued separate from the city. See Averhart v. City of Chicago, 114 F. App'x 246, 247 (7th Cir. 2004).

The plaintiff names as defendants the Milwaukee County Jail and the Waukesha County Jail, but he cannot sue the jails under §1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The jails are not persons—they are not individuals subject to suit under §1983. In Wisconsin, the jail is an arm of the sheriff's department and under Wisconsin law, the sheriff's department is an arm of the County. See Abraham v. Piechowski, 13 F. Supp. 2d 870, 877-79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." Whiting v. Marathon C'nty Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)).

The plaintiff names as defendants Judge David Maas, the presiding judge in Case No. 2025CF1916, Judge Laura Gramling Perez, the presiding judge in Case No. 2026CF978, and Judge Joseph Wall. A judge has absolute immunity for judicial actions unless he or she acted "in the absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). It is not clear why the plaintiff is suing these judges, but presumably he sues them based on events that occurred in his above-referenced ongoing criminal cases. The plaintiff has

not alleged that the judges acted without jurisdiction so they are immune from suit.

The plaintiff names as defendants Alexander Angle, the prosecuting attorney in Case No. 2025CF916, Kevin Clancy, the prosecuting attorney in Case No. 2026CF978, Milwaukee County District Attorney Kent Lovern and Milwaukee County Assistant District Attorney Allysa B. Brown. Absolute immunity shields a prosecutor's conduct as an advocate when that conduct is "intimately associated with the judicial phase of the criminal process," such as initiating a prosecution and presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). It is not clear why the plaintiff is suing these lawyers other than for any involvement they may have in his ongoing criminal cases. These lawyers are entitled to absolute immunity based on their involvement in prosecuting those cases and the plaintiff may not proceed against them.

Finally, the plaintiff has named as a defendant Allied Transportation. The complaint contains no allegations against Allied, and it is not clear why the plaintiff sued that entity; the plaintiff does not state a claim against Allied Transportation.

The complaint does not state a claim for violation of the plaintiff's federal rights. The plaintiff complains of events that have occurred in his ongoing criminal cases. Based on the plaintiff's statements that he is suing for fraud, embezzlement, tax evasion and criminal identity theft, it appears that he believes that the defendants' actions have violated Wisconsin criminal statutes.

Under Younger v. Harris, 401 U.S. 37 (1971), "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013). The plaintiff does not state a claim for violation of federal law, so the court need not stay this case while the plaintiff's state law claims are resolved. See id. Out of an abundance of caution, the court will dismiss this case without prejudice to allow the plaintiff to pursue any *civil state law claim* he believes he has after his criminal cases, including appeals, are resolved.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

The court **ORDERS** that the plaintiff must pay the $350 filing fee to the Clerk of Court as he is able.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks

to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 18th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**